## F. H. MANNING V. THE STATE.

### No. 3248.　Decided March 15, 1905.

**1.—Murder—Charge of Court—Inadequate Cause—Cooling Time.**

Where defendant was convicted of murder in the first degree with the death penalty, and it appeared from the record that some two hours before defendant shot and killed deceased, he had been forced by the latter to apologize on his knees for accusing the deceased of having insulted defendant's wife. Held that if on account of this difficulty and the belief that his wife had been thus insulted, defendant's mind became aroused to such an extent that it was not cool, and before cooling time had elapsed he killed the deceased, the offense would not be greater than murder in the second degree, and a charge of the court which was not so framed as to clearly present to the minds of the jury the effect of passion aroused without adequate cause and which did not embody the law in regard to cooling time was reversible error.

**2.—Same—Manslaughter—Charge of Court—Adequate Cause.**

Where the charge of the court on manslaughter was deficient in not directing the jury to look to and consider all the facts and circumstances in evidence in determining whether or not adequate cause existed, and that any condition or circumstance capable of creating sudden passion sufficient to render the mind incapable of cool reflection would constitute adequate cause, the same was reversible error.

Appeal from the District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case. The court below in charging on the issue of manslaughter instructed the jury, in addition to the usual form in use, as follows: "If you believe and find from the evidence that at the time defendant shot and killed deceased, that he was in a state of passion or terror aroused or brought about by the acts and conduct of the deceased in compelling him (defendant) to get on his knees and apologize to him (deceased), which passion or terror or both rendered the mind of the defendant at the time incapable of cool reflection, then you cannot find defendant guilty of any higher grade of homicide than manslaughter."

*Thomas & Spellman,* for appellant.—On question of murder in second degree: Ex-parte, Miller, 41 Texas, 213; Eanes v. State, 10 Texas Crim. App., 421; Halliburton v. State, 32 Texas Crim. Rep., 51; Utzman v. State, 32 Texas Crim. Rep., 426; Jones v. State, 33 Texas Crim. Rep., 492; Maher v. People, 10 Mich., 212; State v. Grugin, 42 L. R. A., 774. 3rd. Rice on Evidence, section 592. McCoy v. State, 25 Texas, 33; Parrer v. State, 42 Texas, 265; Howard v. State, 23 Texas Crim. Rep., 265; Hawthorne v. State, 28 Texas Crim. App., 212; Reyons v. State, 32 Texas Crim. Rep., 151.

On question of charge on manslaughter: Code Criminal Procedure, article 715. White v. State, 13 Texas, 133; Webb v. State, 8 Texas Crim. App., 115; Ponton v. State, 38 Texas Crim. Rep., 597.

*Howard Martin,* Assistant Attorney-General, and *W. W. Nelms,* Assistant County Attorney, for the State.

DAVIDSON, Presiding Judge.—This conviction was for murder in the first degree, the jury assessing the death penalty. The motion for new trial criticises as being insufficient, the charge of the court applying the law to the facts in regard to murder in the second degree. The claim is, that it is too restrictive, and not sufficiently full to enable the jury to determine between the different degrees of murder, and omits to instruct the jury that the act of killing must be unlawful, and with implied malice aforethought; and is further defective and objectionable in failing to distinguish between adequate and inadequate cause. In other words, the contention is, that the charge should have

been so framed as to clearly present to the minds of the jury the effect of passion aroused without adequate cause, and should have embodied the law in regard to cooling time. We take it as a sound and unquestionable rule that, if the design to kill is formed in a mind excited by passion, or disturbed by any inadequate cause, and cooling time has not elapsed before the execution of that design, the homicide would be of no greater magnitude than murder in the second degree. In order to constitute murder in the first degree, where only the question of malice is involved, and not robbery or some of those extraneous matters made murder in the first degree by the statute, the intent to kill must be formed in a mind that is cool, deliberate, and sedate. The intent to kill formed in a mind that is not cool, deliberate and sedate is not murder in the first degree. Farrar v. State, 42 Texas, 265, it occurs to us has settled the law this way. That decision has not been questioned. And to the same effect is McCoy v. State, 25 Texas, 33, and a long and unbroken line of decisions following in the wake of these decisions. The facts show that on the morning of the homicide, some two hours or such a matter before the killing, deceased and appellant had a difficulty. It was brought to the attention of deceased that appellant had accused him of insulting his wife. He complained that deceased had offered his wife 50 cents to stay all night with her. This enraged deceased, and he forced appellant to get down on his knees and apologize. Without going into a detailed statement in regard to this transaction, the above is the substance of it. About two hours after this, appellant shot deceased and killed him. If, on account of the belief on his part that his wife had been insulted by deceased, and had complained of it, and deceased had forced him on bended knees to make an apology for making the statement or accusing him of such a thing, defendant's mind became aroused and his passion, to the extent that it was not cool, calm and sedate, and while in this condition, he formed the determination to kill, and before cooling time had elapsed, carried into execution that design, the offense would not be greater than murder in the second degree. This is the crucial point in the case for appellant, and the jury should have been instructed clearly on this phase of it.

Exception was reserved to the court's charge on manslaughter, because it was not sufficiently comprehensive. One of the criticisms is that this charge should have directed the jury to look to and consider all the facts and circumstances in evidence in determining whether or not adequate cause existed, and that any condition or circumstance capable of creating sudden passion, sufficient to render the mind incapable of cool reflection would constitute adequate cause. The charge is deficient in this respect. Upon another trial this phase of the law of manslaughter should be given under the facts here presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.